## JOE H. ZOLL v. STATE.

No. A-4883.    Opinion Filed Jan. 9, 1926.
(242 Pac. 286.)

C. H. Parrick, for plaintiff in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.  J. H. Zoll, plaintiff in error, defendant in the trial court, was the owner of an apartment house, located at 219 East Second street in Oklahoma City. The several apartments were arranged and designed for light housekeeping, and one of these was occupied by the defendant. Three or four. others were occupied by tenants, and several were vacant.

The premises were searched by peace officers, and in one of the apartments on the second floor they found 10 gallons of whisky, and a suit case and suit of clothes which belonged to the defendant. The whisky was found in a secret vault built in the floor and extending down into the closet of the apartment directly below. Except for the articles so found, the upper apartment seemed to be vacant.

The defendant testified that he was not in actual possession of this particular apartment; that he knew nothing about the whisky found there, or about the secret vault in which it was found; that this apartment had been rented that week to a man named Edwards, who since the raid had never been seen; that the suit of clothes found there must have been stolen from the defendant by this man Edwards. No explanations were

made concerning the presence of the defendant's suit case in the room.

In this appeal the defendant claims that the evidence is insufficient to establish illegal possession as against the defendant personally, and that the court erred in permitting four jurors to serve who had sat in judgment in another case just concluded against the defendant, wherein the defendant was acquitted.

Without reciting further details, we hold that the evidence on the part of the state was sufficient. The explanation made by the defendant about renting the apartment to Edwards was far from convincing, and the jury were justified in rejecting his explanation. The instructions of the court might have been more explicit, but, considered as a whole, they were sufficient.

The record does not show that objections and exceptions were saved to the qualifications of individual jurors, or the panel. A defendant will not be permitted to speculate on the chance of a favorable verdict at the hands of jurors who have exonerated the defendant in another like case, and, after an adverse verdict, for the first time interpose objections to the jurors in a motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.